**Clifford R. WYMER, et ux., Plaintiffs,**

**v.**

**Lawrence S. LESSIN, M.D., et al., Defendants.**

**Clifford R. WYMER, et ux., Plaintiffs,**

**v.**

**Clara CHAN, M.D., Defendant.**

**Civ. A. Nos. 84–0444, 85–1941.**

United States District Court, District of Columbia.

Dec. 20, 1985.

Aubrey M. Daniel, III, Jeffrey D. Ubersax, Williams & Connelly, Washington, D.C., for plaintiffs.

R.G. Guziak, Brault, Graham, Scott & Brault, Washington, D.C., for defendant (Clara Chan).

### ORDER

BARRINGTON D. PARKER, District Judge.

This matter is before the Court on an appeal of Magistrate Patrick Attridge's order of August 15, 1985, denying to the plaintiffs an application for sanctions. For the reasons set out herein, the Court concludes that the Magistrate's order should

be reversed and that plaintiffs' motion for imposition of sanctions should be granted.

The series of events giving rise to the plaintiffs' application are briefly stated. This proceeding was originally set for trial on June 10, 1985. On that date, it was revealed to the plaintiffs and the Court that two of the defendants, Dr. Clara Chan and Dr. Oliver Alabaster, were not citizens of the United States at the time of the filing of the complaint. Dr. Chan, however, became a citizen several months later. Since plaintiffs were also foreign citizens, complete diversity of citizenship did not exist and this Court lacked jurisdiction in the matter. Consequently, the actions against Alabaster and Chan were dismissed without prejudice and the trial was reset.

Plaintiffs' original complaint, filed on February 9, 1984, alleged diversity jurisdiction, stating that each of the plaintiffs were citizens of foreign countries and that "[u]pon information and belief, each of the defendants is a citizen and resident of the District of Columbia, or of some other State in the United States." Complaint at ¶ 3. Defendant Chan's answer, filed on March 30, 1984, stated in response to this allegation: "This Defendant is without information or knowledge sufficient to form a belief concerning the allegations of ... paragraph 3 insofar as it relates to the other defendants." Answer of Defendant Clara Chan, M.D. at ¶ 1. Because of the unexpected pretrial events, plaintiffs moved for sanctions against Dr. Chan under Fed.R.Civ.P. 11 for failing to indicate her citizenship in her answer.

Rule 11 provides:

[T]he signature of an attorney or party constitutes a certificate by him that he has read the pleading ... [and] that to the best of his knowledge, information or belief after reasonable inquiry it is well grounded in fact.

The rule further mandates that sanctions be imposed, including reasonable expenses and attorneys' fees, for the filing of a pleading that does not conform to this rule.

In their motion for sanctions, plaintiffs argued that Chan's answer which failed to deny U.S. citizenship was not well grounded in fact. They also contended that her counsel failed to make reasonable inquiry into the issue of citizenship before filing the answer. In opposition, Dr. Chan argued that the plaintiffs cannot claim to have relied on the answer since they learned that Dr. Alabaster was not a citizen at his deposition some four months before the trial yet failed to take any action to correct the lack of diversity. The motion for sanctions was heard before the Magistrate. He denied the motion, ruling that both parties had a duty under Fed.R. Civ.P. 11, to investigate Dr. Chan's citizenship. The Magistrate found that the parties were equally at fault for the aborted trial and that, therefore, each side should bear its own costs.

The Magistrate's order provides:

It appears that the parties, both plaintiffs and defendant, failed to comply with their obligations to make prefiling inquiry. The plaintiffs' and their counsel violated their obligation in the same manner they charge the defendant and her counsel violated Rule 11. As a consequence, all parties incurred unnecessary costs and expenses.

Memorandum Opinion and Order, August 15, 1985, at 6. The plaintiffs have appealed this ruling to the Court as "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

■ This Court disagrees with the Magistrate's conclusion. The record in this proceeding clearly indicates that the plaintiffs did not violate Rule 11 in the same manner as did Dr. Chan. The obligation and responsibility to interview Dr. Chan to determine her citizenship is an obligation more properly placed on her counsel rather than counsel for the plaintiffs. Indeed, her citizenship was a matter peculiarly within Dr. Chan's knowledge. Under such circumstances it was permissible and appropriate for the plaintiffs to plead diversity on information and belief. *See* 2A Moore's Federal Practice ¶ 8.10 (1985) at 8–45 (1985); *cf. Perington Wholesale, Inc. v. Burger King Corp.,* 631 F.2d 1369, 1372 (10th Cir.1979).

■ Moreover, the record demonstrates that before answering the complaint, Dr. Chan's counsel failed to make a reasonable inquiry about her citizenship. On June 10, 1985, Dr. Chan testified that she did not inform her attorneys until the morning of the trial that she was not a citizen of the United States at the time of the filing of the complaint. Thus, Dr. Chan's answer to the complaint was not well grounded in fact. The failure on the part of her counsel to fulfill their obligations under Rule 11 caused unnecessary expenditures of time and effort and the delay of this trial. Principles of equity require that the plaintiffs be reimbursed by Dr. Chan's counsel for the reasonable costs and fees thus incurred.

Plaintiffs, however, have not adequately documented and supported either their claim for attorneys' fees incurred as a result of the unexpected revelations of Dr. Chan, or the expenses incurred in connection with their expert witnesses, Dr. Jack Levin and Dr. Bruce Evans. The Court therefore will deny the plaintiffs' application, pending the submission of a detailed itemization and support documents for the claimed fees and expenses.

Accordingly, it is this 20th day of December, 1985,

## ORDERED

That the order of the Magistrate denying plaintiffs' motion for imposition of sanctions is set aside and that motion is granted.

That a ruling on the question of attorneys's fees and expenses is reserved pending the submission of further information by the plaintiffs.